UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS CLINTON COLEMAN,<br><br>               Plaintiff,<br><br>    v.<br><br>SNOHOMISH COUNTY CORRECTIONS,<br><br>               Defendant. | Case No. C18-0158-MJP-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Travis Coleman has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated any claim upon which relief may be granted in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on February 1, 2018. (*See* Dkt. 1.) Plaintiff detailed in his complaint three incidents involving alleged staff misconduct

REPORT AND RECOMMENDATION - 1

at the Snohomish County Jail, and he complained that the three incidents were not properly investigated. The first incident occurred in August 2016 when, according to plaintiff, he was sexually assaulted and/or harassed by another inmate. (Dkt. 7 at 4.) Plaintiff claimed that the other inmate was out of his cell for his recreation time when he knocked on plaintiff's cell and then exposed himself to plaintiff and gave plaintiff "the finger." (*Id.*) After plaintiff cussed at the inmate and told him to get away from the cell, the inmate came back with a "sandwich" made of paper and fecal matter which he then tried to shove under plaintiff's cell door. (*Id.*)

Plaintiff asserted that guards responded when he pushed his emergency button, but refused to move him elsewhere so he would not be subjected to further harassment. (*Id.*) Plaintiff complained that the deck officer then ignored him for over an hour as he yelled for a sergeant. (*Id.*) Plaintiff further complained that when he did finally get the attention of a sergeant, the sergeant moved him to a smaller cell area which was referred to as "seg." (*Id.*) Plaintiff asserted that he was "basically punished" for reporting sexual harassment. (*Id.*) He further asserted that the classification officer refused to take a formal PREA (Prison Rape Elimination Act)/sexual harassment report, advising plaintiff that the incident didn't qualify as sexual harassment. (*See id.*)

The second incident identified by plaintiff occurred in early December 2017. (*See id.* at 5.) Plaintiff stated that he was placed in a restraint chair and, after repeatedly telling corrections staff he needed to urinate and receiving no assistance, he managed to get his pants down and he urinated in the chair. (*Id.*) Plaintiff asserted that he realized after relieving himself that his urine had activated mace residue on the seat of the restraint chair which caused him to scream in pain and yell to corrections officers that his "genitals were on fire." (*Id.*) Plaintiff complained that a woman came to the door, looked at his exposed genitals, and then began laughing and mocking

REPORT AND RECOMMENDATION - 2

him while blaming him for activating the mace residue. (Dkt. 7 at 5.) According to plaintiff, more than one person came to the cell window, but only the one female guard "gawked and laughed at my genitals." (*Id*.)

The third incident identified by plaintiff occurred in late December 2017. Plaintiff stated that he began pressing the emergency button in his cell in order to report a medical emergency and, when he didn't get a reply from corrections staff, he began pressing the button more rapidly. (*Id*.) Plaintiff asserted that an unidentified female then came on the intercom and told him to "knock it off" and hung up after plaintiff stated the nature of his emergency. (*Id*.) Plaintiff once again began pressing the emergency button rapidly and, after several minutes, the unidentified female came back on the intercom and mocked plaintiff while ignoring his demand that she call the medical staff. (*Id*.) When plaintiff continued to press the button, an unidentified male came on the intercom and also mocked plaintiff while ignoring his request for medical assistance. (*Id*. at 6.) Plaintiff claimed that an unidentified corrections officer subsequently passed his cell and also refused his request to call medical staff, allegedly telling plaintiff that "pain is not a medical emergency." (*Id*.) Plaintiff did not identify in his complaint the specific nature of his medical emergency.

Plaintiff appeared to complain that his grievances regarding these three incidents were not properly investigated. (*See id*. at 6-7.) Plaintiff also complained that after reporting three PREA violations by facility staff to the officer who was supposed to be investigating his grievances, plaintiff was written up by another staff member for a sexual misconduct violation and was subsequently found guilty of the violation. (*Id*. at 7.) Finally, plaintiff complained that there was black mold in an "outdoor rec" area in the cell block he was assigned to and under a bunk in one of the cells in which he was briefly housed. (Dkt. 7 at 7.) Plaintiff identified Snohomish County

REPORT AND RECOMMENDATION - 3

1 | Corrections as the lone defendant in his complaint, and he requested damages in the amount of
2 | $900,000. (*See id*. at 1, 2, 8.)

3 | After reviewing plaintiff's complaint, this Court determined that the pleading was deficient
4 | in various respects and, thus, the Court issued an Order declining to serve plaintiff's complaint and
5 | granting him leave to amend. (Dkt. 8.) In that Order, the Court explained that Snohomish County
6 | Corrections was not a proper defendant in this action. (*Id*. at 4-5.) The Court further explained
7 | that while plaintiff had described a series of incidents in which Snohomish County Corrections
8 | staff had allegedly acted inappropriately, he failed to make clear exactly who he was suing and
9 | why. (*Id*. at 5.) The Court noted that plaintiff had not identified any individuals as defendants,
10 | that he had not specifically alleged any violation of a federal constitutional right, and that the facts
11 | alleged in the complaint were not sufficient to implicate federal constitutional concerns. (*Id*.)

12 | Plaintiff was granted thirty days within which to file an amended complaint correcting the
13 | noted deficiencies, and was advised that his failure to do so would result in a recommendation that
14 | this action be dismissed. (*Id*.) Plaintiff was subsequently granted two extensions of time to file
15 | his amended complaint. (*See* Dkts. 10 and 14.) Most recently, plaintiff was granted an extension
16 | of time until September 4, 2018 to file his amended complaint. (Dkt. 14.) Plaintiff was advised
17 | in that Order that no further extensions of time would be granted, and that his failure to file an
18 | amended complaint by the designated date would result in a recommendation that this action be
19 | dismissed. (*Id*. at 1.) To date plaintiff has filed no amended complaint.

20 | When a complaint is frivolous, malicious, fails to state a claim on which relief may be
21 | granted, or seeks monetary relief against a defendant who is immune from such relief, the Court
22 | may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C.
23 | § 1915(e)(2)(B). Because plaintiff failed to state in his original pleading any claim upon which

REPORT AND RECOMMENDATION - 4

relief could be granted under § 1983, and because he failed to file an amended pleading correcting the deficiencies identified in the Court's Order declining to serve his original pleading, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 16, 2018**.

DATED this 22nd day of October, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5